**UNITED STATES v. MORGAN STANLEY & CO. et al.**

**Civ. 43-757.**

District Court, S. D. New York.

Feb. 9, 1948.

J. Francis Hayden, Sp. Asst. to the Atty. Gen., for the Government.

Breed, Abbott & Morgan, of New York City, for Eastman Dillon & Co.

Cahill, Gordon, Zachry & Reindel, of New York City, for Dillon, Read & Co. Inc. and Stone & Webster Securities Corporation.

Cleary, Gottlieb, Friendly & Cox, of New York City, for Investment Bankers Association of America.

Covington, Burling, Rublee, Acheson & Shorb, of Washington, D. C., for Smith, Barney & Co.

Cravath, Swaine & Moore, of New York City, for Kuhn, Loeb & Co. and another.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City, for Morgan Stanley & Co. and another.

Donovan, Leisure, Newton, Lumbard & Irvine, of New York City, for Harris, Hall & Co. (Incorporated).

Emmett, Marvin & Martin, of New York City, for Drexel & Co.

Shearman & Sterling & Wright, of New York City, for White, Weld & Co.

Sullivan & Cromwell, of New York City, for Blyth & Co., Inc., and others.

KNOX, District Judge.

The procedure that the Government suggests be followed with respect to the within entitled litigation is not entirely without precedent in the District Courts of the United States. A somewhat similar practice prevails, I understand, in the Southern District of California, the Northern District of Illinois, and the Eastern District of Michigan. Furthermore, in this court, it is customary for a judge who first has occasion to deal with a reorganization proceeding under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., to retain jurisdiction thereof until the same is concluded.

From what was said at the time this motion came on for hearing, it appears that this suit involves a complicated and intricate state of facts, and one which presents numerous questions of law. If a particular judge be assigned to handle the case, he will be able to familiarize himself with all its details and thus, as the litigation proceeds, bring about an economy of time and effort on the part of the court that otherwise would not be possible. For this reason, the motion will be granted, and the case assigned to the Honorable Harold R. Medina.